## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VALERIE PARKS,

    Petitioner,

                                CASE NO. 11-CV-13770

v.                             HONORABLE DENISE PAGE HOOD
                                UNITED STATES DISTRICT COURT

MILLICENT WARREN.

    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, ORDER DENYING A CERTIFICATE OF APPEALABILITY, AND ORDER GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Valerie Parks, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed *pro se*, petitioner challenges her convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. She was sentenced to 20 to 40 years imprisonment on the second-degree murder conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm

1

conviction.  For the reasons stated below, the petition for writ of habeas corpus is

**DENIED.**

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals in affirming petitioner's conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was charged in connection with the shooting death of DeAngelo Caldwell in July 2008. Immediately before the shooting, Caldwell and his brother Christopher were involved in a physical altercation with defendant's son, Raymond Parks, and her nephew, Donald Lindsley. Defendant testified that she saw a woman give a gun to a man involved in the altercation at one point, heard multiple gun shots, believed that her son had been shot, and was returning fire in defense of her son. However, the jury found more credible the testimony of several witness [sic] to the effect that none of the men involved in the fist fight were armed with any sort of weapons and that Raymond did not appear to be injured in any way. The jury further appeared to accept the testimony of several witnesses that one shot rang out, Caldwell fell to the ground, the crowd began to scatter, and then multiple shots rang out from an unidentified source. Two witnesses also testified that, after the initial one shot rang out, defendant was holding a gun in her hand with her arm outstretched.

*People v. Parks*, No. 292547, 2010 WL 3657636, at *1 (Mich. Ct. App. Sept. 21, 2010).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 489 Mich. 929

(2011) (Table).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO MOVE TO ADMIT THE PRELIMINARY EXAMINATION TESTIMONY OF A PROSECUTION WITNESS WHO FAILED TO APPEAR AT TRIAL, WHERE THE TESTIMONY WOULD HAVE SUPPORTED APPELLANT'S CLAIM THAT SHE SHOT THE DECEDENT IN DEFENSE OF HER SON.

II. THE TRIAL COURT SHOULD HAVE SUPPRESSED APPELLANT'S WRITTEN STATEMENT TO A POLICE INVESTIGATOR, WHERE THE INVESTIGATOR FAILED TO MAKE AN AUDIO OR VIDEO RECORDING OF THE INTERROGATION.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

3

Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that

4

a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or. . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*,

5

443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford*, 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

## III. Discussion

### A. Claim # 1. Ineffective Assistance of Trial Counsel.

Petitioner first contends that her constitutional rights were violated when she was denied the effective assistance of trial counsel.

#### 1. Standard of Review.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner

6

must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from

7

asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 131 S. Ct. at 785.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough*, 541 U.S. at 664).  Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner.  *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785.  "Surmounting *Strickland's* high bar is never an easy task."  *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).  Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel' s actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. at 788.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that

8

counsel may have had for proceeding as he or she did. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011).

### 2. Issue - Failure to move to admit preliminary examination testimony.

Petitioner alleges that her trial counsel was ineffective for failing to move to admit preliminary examination testimony of a prosecution witness, Donald Lindsley, who failed to appear at trial, believing that this testimony would have supported her claim that she shot the decedent in defense of her son.

In rejecting this claim, the Michigan Court of Appeals stated:

> Defendant contends that Lindsley's preliminary examination testimony corroborated her version of the events and the outcome of the trial would have been different had the jury heard this testimony. We disagree.
>
> Because defendant did not move for a new trial or a *Ginther* [1] hearing before the trial court, this Court's review of her ineffective assistance claim is limited to mistakes apparent on the record. *People v Rodriguez*, 251 Mich App 10, 38 (2005). To establish ineffective assistance of counsel, defendant must show that her trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, that but for her counsel's error there is a reasonable probability that the results of her trial would have been different, and that the proceedings were fundamentally unfair or unreliable. *People v Toma*,

_____

[1] *People v. Ginther*, 390 Mich. 436, 443, 212 N.W.2d 922 (1973)(footnote original).

462 Mich 281, 302-303; 613 NW2d 694 (2000). In this case, defendant's claim of ineffective assistance of counsel must fail because defendant was not prejudiced by counsel's failure to offer the preliminary examination testimony of Donald Lindsley. Contrary to defendant's assertions, Lindsley's testimony did not corroborate defendant's version of the events.

As stated above, in support of her defense, defendant testified that she heard four or five shots before she fired, that she thought her son Raymond had been shot, and that she then fired in defense of her son. Lindsley's preliminary examination testimony, rather than substantiating defendant's claim, actually contradicted defendant's version of the events. Lindsley specifically testified that he heard one shot ring out. He then saw DeAngelo hit the ground.

Indeed, it is likely that defense counsel's failure to present Lindsley's examination testimony was a matter of trial strategy. Rather than hear the testimony from the preliminary examination, the jury was instructed that it could infer that Lindsley's testimony would have been unfavorable to the prosecution. Under the circumstances, this instruction would have been more beneficial to defendant than Lindsley's contradictory preliminary examination testimony. Defense counsel has wide discretion as to matters of trial strategy. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007).

*Parks*, Slip. Op. at * 2.

Petitioner is not entitled to habeas relief on her claim for several reasons.

First, petitioner has failed to show that trial counsel did not make a tactical decision to refrain from asking that Mr. Lindsley's preliminary examination testimony be

10

admitted.  When defense counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons, rather than through sheer neglect, and this presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *See Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

In the present case, petitioner did not move for a *Ginther* hearing on her ineffective assistance of counsel claim, therefore, the Michigan Court of Appeals limited their review of petitioner's ineffective assistance of counsel claims to mistakes which were apparent from the record. *Parks*, Slip. Op. at * 2.  Counsel may have had sound reasons not to seek the introduction of Lindsley's preliminary examination testimony.  Although she claims that counsel was ineffective for not moving to admit the preliminary examination transcript, admission of the transcript would bolster the prosecution's case against petitioner.  Lindsley's testimony corroborated the testimony of numerous other witnesses who testified that no weapons were involved during the fist fight and that a single shot was heard prior to the decedent hitting the ground. There is also an abundance of testimony, including from the preliminary examination,

that petitioner's son was victorious over one of the other fight participants prior to the decedent entering the fight, and that the decedent appeared to be staggering from being punched by petitioner's son, just before petitioner fired the shot. Petitioner benefitted from the court's instruction to infer that Lindsley's testimony would be unfavorable to the prosecution, when in reality it conflicts with her testimony that there were multiple gunshots and that she saw a weapon during the fist fight. Petitioner has failed to overcome the presumption that trial counsel's failure to seek the admission of this evidence was sound trial strategy. In general, a defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams*, 376 F. 3d 520, 527 (6th Cir. 2004) (internal quotation omitted).

In addition, counsel was able to obtain a missing witness instruction from the judge, in which she instructed the jurors that they could infer that Lindsley's testimony would be unfavorable to the prosecution. Counsel made a reasonable tactical decision to ask that the jury be given a missing witness instruction in lieu of seeking the admission of Lindsley's preliminary examination testimony, when the preliminary examination testimony would have damaged, not bolstered his client's case, and the missing witness instruction allowed the jury to infer that Lindsley's testimony would have been unfavorable to the prosecution. *See People v. Rivera*, 82 A.D. 3d 1590, 1592, 919 N.Y.S.2d 613, 615 (N.Y.A.D. 4 Dept. 2011) (explaining that defense

12

counsel's failure to call an accomplice as a witness to testify at trial on murder charge was matter of reasonable trial strategy and not ineffective assistance, where counsel instead chose to request a missing witness instruction with respect to that witness). Petitioner insists that trial counsel was ineffective for not admitting the preliminary examination transcript, rather than ask for a missing witness instruction, when in reality, she benefitted from the instruction and would have suffered substantially from the admission of the testimony which would have contradicted her in-court testimony and would have bolstered the prosecution's case. Petitioner has failed to show that trial counsel was ineffective or that as a result that she suffered any prejudice. Her first claim is without merit.

### B. Claim # 2. The failure to audiotape or videotape petitioner's confession.

Petitioner next claims that her constitutional rights were violated because the police failed to audiotape or videotape her confession.

Petitioner's claim that her confession should have been suppressed because the police failed to make an audio or video recording of it is not cognizable on federal habeas review, since the United States Supreme Court has not established a federal constitutional right to have police interrogations audio or videotaped. *See Brown v. McKee,* 231 Fed. Appx. 469, 475 (6th Cir. 2007); *Crenshaw v. Renico,* 261 F. Supp. 2d 826, 837 (E.D. Mich. 2003). Given the lack of holdings by the Supreme Court on

13

the issue of whether a defendant has a constitutional right to have his or her confession audio or videotaped, the Michigan Court of Appeals' rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

## IV.  CONCLUSION

The Court denies the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner is not entitled to a certificate of appealability, because reasonable jurists would not disagree with this Court's determination that petitioner's claims are without merit.

Petitioner is granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous.  A court may grant *in forma pauperis* status if the court finds

that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App.

24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is granted leave to proceed on

appeal *in forma pauperis*.

**IT IS SO ORDERED.**

S/Denise Page Hood
HON. DENISE PAGE HOOD
UNITED STATES DISTRICT COURT

Dated: November 26, 2013

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on November 26, 2013, by electronic means and/or ordinary
mail.

s/Holly Monda for LaShawn Saulsberry
Case Manager

15